# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

MARVIN SANDERS,                                                    PETITIONER

v.                                                                 No. 2:11CV209-M-A

DANNY SCOTT, ET AL.                                                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Marvin Sanders for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed. Sanders has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed as untimely filed.

### Facts and Procedural Posture

Marvin Sanders was convicted of two counts of capital murder and one (1) count of aggravated assault in the Circuit Court of Coahoma County, Mississippi. Sanders was sentenced to serve consecutive terms of life imprisonment on the capital murder convictions and twenty years for the aggravated assault to run consecutive to the two life sentences, said sentences to be served in the custody of the Mississippi Department of Corrections. On October 10, 2006, the Mississippi Court of Appeals affirmed Sanders' conviction and sentence. *Sanders v. State*, 939 So. 2d 842 (Miss. Ct. App. 2006) (Cause No. 2005-KA-00668-COA). Sanders did not seek timely discretionary review in state court by filing a petition for rehearing as provided for in Mississippi Rule of Appellate Procedure 40.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S. C. § 2244(d)(1) and (2).

Sanders did not seek review in the Mississippi Supreme Court by filing a petition for rehearing; as such, he "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court or further review in the United States Supreme Court. *See Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Sanders' conviction thus became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his conviction was affirmed on direct appeal. *See* MISS. R. APP. P.

40(a) (allowing fourteen days to file a petition for rehearing in state court after direct appeal is affirmed). Sanders' conviction became final on October 24, 2006 (October 10, 2006 + 14 days). According to the records of the Mississippi Supreme Court Clerk's Office, Sanders filed no application for leave to seek post-conviction relief on or before October 24, 2007.[1] The tolling provision of §2244(d)(2) does not apply to the instant case, and Sanders' petition for *habeas corpus* was untimely filed.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 5, 2011, and the date it was received and stamped as "filed" in the district court on October 11, 2011. Giving Sanders the benefit of the doubt by using the earlier date, the instant petition was filed 1,442 days after the October 24, 2007, filing deadline. Sanders does not allege any "rare and exceptional" circumstance to

---

[1] On July 30, 2009, Sanders signed an "Application for Leave to Proceed in the Trial Court" that was stamped as "filed" in the Mississippi Supreme Court on August 3, 2009. This application was denied on September 10, 2009. (Cause No. 2009-M-1271).
Then, on July 14, 2011, Sanders signed a second "Application for Leave to File Motion for Post-Conviction Relief which was stamped as "filed" in the Mississippi Supreme Court On August 15, 2011. This application was dismissed as both untimely and successive and, alternatively, on the merits by Order filed September 8, 2011. (Cause No. 2009-M-1271).
Sanders' initial application for post-conviction relief was not signed until July 30, 2009 – 645 days after the one-year federal *habeas corpus* limitations period had already expired. Therefore, 28 U.S.C. § 2244(d)(2), this state post-conviction filing did not toll the federal limitations period.

warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of October, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**